IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JABRI HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-474 (JLH) |
| | ) | |
| CITY OF WILMINGTON, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case is among the cases recently reassigned to me. Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (D.I. 5). The Motion is GRANTED-IN-PART and DENIED-IN-PART, as set forth below.

1. Plaintiff filed his Complaint on April 12, 2022. The Complaint alleges, in part:

    11. On or about April 12, 2020, Plaintiff Jabri Hunter was asleep in his vehicle (a Gold GMC Yukon) on North Walnut Street in Wilmington, Delaware. The Yukon was at a traffic light at the 11th Street intersection.

    12. Shortly after midnight on April 12, 2020, Wilmington Police Officer Harry Mann observed the Gold Yukon at the intersection and noticed that when the light turned green, the vehicle did not move. Officer Mann approached the vehicle and could see that the driver appeared to be asleep or unconscious and "slumped over the steering wheel." Officer Mann parked behind the Yukon and notified dispatch.

    13. Officers Comer and Vazquez arrived on the scene. The Officers approached the car and shone their flashlights inside and were able to ascertain that there was only one occupant in the driver's seat. The officers allegedly tapped and knocked on the windows to attempt to awaken Mr. Hunter. The vehicle appeared to be in gear and running.

    14. As Mr. Hunter awakened, the vehicle moved forward and then stopped. Officer Mann attempted to smash the window of the

>Yukon and the noise allegedly caused Officer Vazquez to react by firing three shots into the vehicle.
>
>15. Mr. Hunter was shot and suffered gunshot wounds to his right shoulder, and right mid-torso. A projectile was removed from Mr. Hunter's left abdominal area.

Plaintiff alleges a host of claims against the City of Wilmington, Officer Luis Vazquez, Officer Harry Mann, Officer Thomas Curley, and Chief Robert Tracy. (D.I. 1.)

2.      Count I is styled "Violation of 42 U.S.C. § 1983, 1985, 1986; Fourth & Fourteenth Amendment" and names Officer Vazquez as a Defendant. Defendants argue that Count I fails to state a claim. Plaintiff responds that Count I plausibly alleges a § 1983 excessive force claim (D.I. 10 at 8–12), but Plaintiff agrees that Count I, as pleaded, does not state a claim under §§ 1985 or 1986 (*id.* at 12–13). I agree with Plaintiff that Count I appears to be directed to excessive force and that the Complaint plausibly alleges excessive force by Officer Vazquez. Accordingly, Count I will be permitted to proceed only to the extent it alleges a § 1983 claim of excessive force. Defendants point to evidence outside of the Complaint in support of their argument that Officer Vazquez did not act unreasonably under the circumstances and that he is therefore entitled to qualified immunity.[1] But this is a motion to dismiss, so the Court must view the allegations in the light most favorable to Plaintiff. Viewed in that light, the Complaint plausibly alleges excessive force. It is possible that discovery will reveal that Officer Vazquez acted reasonably under the

---

[1] Defendants argue that this Court may consider the "Final Report of the Department of Justice Use of Deadly Force by Wilmington Police Department dated March 5, 2021" (the "Final DOJ Report") referenced in Paragraph 12 of the Complaint when ruling on this Motion to Dismiss. (D.I. 6 at 23.) To the extent Defendants suggest that the factual and legal conclusions set forth in the Final DOJ Report are dispositive of Plaintiff's claims, I disagree. The Court does not weigh the facts at the motion to dismiss stage, and there is no doctrine of preclusion that would prohibit Plaintiff from bringing his excessive force claim.

circumstances and that his actions did not amount to a violation of clearly established law, but the Court cannot make that determination at the motion to dismiss stage.  *See Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002) ("[F]actual disputes often need to be resolved before determining whether the defendant's conduct violated a clearly established constitutional right.").

3.      Count II is styled "Violation of 42 U.S.C. § 1983, 1985, 1986; Fourth & Fourteenth Amendment" and names Officers Vazquez and Mann as Defendants.  Count II appears to be directed to an alleged "failure to provide timely medical treatment."  (D.I. 1 ¶ 34.)  Count III is styled "Violation of 42 U.S.C. § 1983, 1985, 1986; Substantive Due Process."  Although the heading of Count III states that it is being alleged against "All Defendants," the body of Count III refers only to Officer Vazquez.  Defendants argue that Counts II and III fail to state a claim.  Plaintiff's answering brief did not address Counts II and III except to agree that the Complaint as a whole does not state a claim under §§ 1985 or 1986.  Accordingly, Counts II and III will be dismissed without prejudice.  Plaintiff is granted leave to amend.

4.      Count IV is styled "*Monell* Claim Against the City of Wilmington" and Count V is styled "Municipal Liability Against the City of Wilmington [-] Failure to Train."  Defendants argue that Counts IV and V fail to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  I agree with Defendants that the Complaint, as currently pleaded, fails to sufficiently allege a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact and/or a direct causal link between a municipal policy or custom and an alleged constitutional deprivation.  *See Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).  To be sure, the Complaint contains a number of conclusory assertions regarding an alleged failure to train, but those assertions, without further

3

factual enhancement to support them, "stop[] short of the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  While the Complaint makes reference to an unrelated 2015 police shooting (D.I. 1 ¶ 44), the reference to two incidents is insufficient to plausibly suggest that a constitutional deprivation resulted from a municipal policy or custom.[2] *See Thomas v. Cumberland County*, 749 F.3d 217, 224 (3d Cir. 2014) (explaining that to plausibly suggest deliberate indifference, a complaint must contain allegations suggesting a pattern of similar, preventable violations or a specific need for additional training "so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations") (internal quotations omitted).  2014) (explaining that to plausibly suggest deliberate indifference, a complaint must contain allegations suggesting a pattern of similar, preventable violations or a specific need for additional training "so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations") (internal quotations omitted)").  Counts IV and V will be dismissed without prejudice.  Plaintiff is granted leave to amend.

     5.    Count VI is styled "Violation of Delaware Constitutional Law, Article I, § 6 and 11," and it names Officer Vazquez.  Defendants say that Count VI fails to state a claim because there is no private cause of action under Sections 6 and 11 of Article I of the Delaware Constitution.  Plaintiff responds that "Plaintiff has no argument with respect to the claims under Article I, section 11 of the Delaware Constitution."  (D.I. 10 at 23.)  Plaintiff points out that Delaware courts have interpreted Section 6 of Article I as "substantively identical" to the Fourth Amendment to the U.S.

---

[2] Confusingly, Plaintiff concedes elsewhere in his brief that the Complaint does not allege that the government defendants "implemented deficient policies, were deliberately indifferent, and/or were the moving force behind the harm allegedly suffered by Plaintiff."  (D.I. 10 at 32.)

Constitution (D.I. 10 at 23), but Plaintiff does not respond to Defendants' argument that there is no private cause of action under Section 6. Accordingly, Count VI will be dismissed.

6. Counts VII, VIII, X, and XI are styled "Assault," "Battery," "Intentional Infliction of Emotional Distress," and "Gross or Wanton Negligence," and they name Officer Vazquez as a Defendant. Defendants say Counts VII, VIII, X, and XI fail to state a claim because Officer Vazquez is immune from liability under the County and Municipal Tort Claims Act, 10 Del. C. §§ 4010, *et. seq.* ("the Tort Claims Act"). Plaintiff acknowledges that "[i]mmunity under the Tort Claims Act is absolute unless an exception under either § 4011(c) or § 4012 applies." (D.I. 10 at 30.) The Complaint, as currently pleaded, fails to plausibly allege that Officer Vazquez's conduct falls within one of those exceptions. Section 4012 refers to the liability of "governmental entit[ies]," and it is not applicable to the claim against Officer Vazquez. Section 4011(c) contains an exception "for those acts which were not within the scope of employment," § 4011(c), but Plaintiff admits that Officer Vazquez was acting within the scope of employment. (D.I. 10 at 31.) Section 4011(c) also sets forth an exception for acts "performed with wanton negligence or willful and malicious intent," § 4011(c), but the Complaint fails to plausibly allege wanton negligence or willful and malicious intent on the part of Officer Vazquez. Accordingly, Counts VII, VIII, X, and XI will be dismissed. Plaintiff is granted leave to amend.

7. Count IX is styled "Negligence" and names all Defendants. Defendants say this Count should also be dismissed because Defendants are immune under the Tort Claims Act. The alleged actions of the City of Wilmington, which appear to amount to an alleged failure to train, are immune from challenge because such actions do not fall within one of the exceptions set forth in § 4012. The Complaint, as currently pleaded, also fails to sufficiently allege that any of the

Defendant Officers' conduct falls within the exceptions set forth in § 4011(c). Accordingly, Count IX will be dismissed. Plaintiff is granted leave to amend.

8. Count XII is styled "Supplementary Claim for *Respondeat Superior*" and names the City of Wilmington. Plaintiff's answering brief acknowledges that an "[individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." (D.I. 10 at 31–32 (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).) Plaintiff further concedes that the Complaint does not allege that Defendants "implemented deficient policies, were deliberately indifferent, and/or were the moving force behind the harm allegedly suffered by plaintiff." (*Id.* at 32.) Accordingly, Count XII will be dismissed. Plaintiff is granted leave to amend.

9. Plaintiff is permitted to proceed on Count I of the Complaint to the extent it alleges a § 1983 claim of excessive force against Officer Vazquez. The remaining claims are dismissed. Plaintiff is granted leave to amend the Complaint to address the noted deficiencies within 14 days.

May 29, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

6