IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JABRI HUNTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 22-474 (JLH) |
| CITY OF WILMINGTON, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss filed by Defendants City of Wilmington, Thomas Curley, Harry Mann, and Robert Tracy. (D.I. 18.) The Motion is GRANTED.

1. Plaintiff filed his original Complaint on April 12, 2022. (D.I. 1.) On June 15, 2022, Defendants moved to dismiss. (D.I. 5.) The case was reassigned to me on January 8, 2024. On May 29, 2024, I issued an Order dismissing all claims except Count I, but only to the extent it alleged excessive force by Defendant Officer Vasquez. (D.I. 15.) Plaintiff was given leave to amend the Complaint to address the deficiencies noted by the Court. (*Id.*)

2. Plaintiff filed his Amended Complaint on June 13, 2024. (D.I. 16.) Defendant Officer Vasquez answered the Complaint. (D.I. 17.) Defendants City of Wilmington, Harry Mann, Thomas Curley, and Robert Tracy moved to dismiss all claims against them. (D.I. 18.)

4. Count II is styled "Violation of 42 U.S.C. § 1983 (Substantive Due Process)" and names Officers Vazquez and Mann. Count II appears to allege that use of force by Officers Vazquez and Mann violated Plaintiff's substantive due process rights. (D.I. 16 ¶¶ 36, 38.) There are at least two problems with Count II as it relates to Officer Mann. The first is that the Amended Complaint does not allege that Officer Mann used any force on Plaintiff. The second problem is

1

that substantive due process claims stemming from the use of excessive force are barred by the doctrine set forth in *Albright v. Oliver*, 510 U.S. 266 (1994). *See Graham v. Connor*, 490 U.S. 386, 395 ("*[A]ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."). Count II is dismissed as against Officer Mann.

       3. Count III is styled "*Monell* Claim Against the City of Wilmington" and Count IV is styled "Municipal Liability Against the City of Wilmington Failure to Train." These Counts were previously dismissed for failure to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (D.I. 15.) The Amended Complaint barely attempts to remedy the deficiencies noted by the Court. Once again, Counts III and IV fail to sufficiently allege facts—as opposed to conclusory assertions—that plausibly suggest a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact and/or a direct causal link between a municipal policy or custom and an alleged constitutional deprivation. *See Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004); *see also Thomas v. Cumberland Cnty.*, 749 F.3d 217, 224 (3d Cir. 2014) (explaining that to plausibly allege deliberate indifference for purposes of municipal liability, a complaint must contain allegations suggesting a pattern of similar, preventable violations or a specific need for additional training "so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations" (internal quotations omitted)). The Amended Complaint does refer to an unrelated police shooting in 2015 (D.I. 16 ¶ 42), but that is insufficient to plausibly suggest that a constitutional deprivation resulted from a municipal policy or custom. Counts III and IV will be dismissed.

4. Count VII is styled "Negligence" and names all "Defendant Officers," including Officers Mann, Curley, and Tracy. Plaintiff's negligence claim was previously dismissed. (*See* D.I. 15.) The Amended Complaint barely attempts to remedy the deficiencies noted by the Court. Count VII will again be dismissed under the Delaware County and Municipal Tort Claims Act ("CMTCA"), which immunizes the County and its employees "from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). Plaintiff acknowledges that "[i]mmunity under the Tort Claims Act is absolute unless an exception under either § 4011(c) or § 4012 applies." (D.I. 22 at 18.) Plaintiff contends that this case falls within the CMTCA's exceptions for acts "not within the scope of employment" or acts "performed with wanton negligence or willful and malicious intent," but there are no well-pleaded factual allegations—as opposed to conclusory assertions—plausibly suggesting that either exception applies.

5. Count X is styled "Supplementary Claim for *Respondeat Superior*" and names the City of Wilmington. This Count was previously dismissed. (*See* D.I. 15.) Defendant City of Wilmington argues that Count X still "fails as it is derivative of the underlying tort claims, which are barred by immunity." (D.I. 19 at 4.) Plaintiff did not respond to that argument. Nor can the Court conceive of a theory against the City that isn't barred by *Monell* or the CMTCA. Count X is dismissed.

6.      The Motion to Dismiss (D.I. 18) is granted in its entirety. As there are no other claims alleged against Defendants City of Wilmington, Harry Mann, Thomas Curley, and Robert Tracy, the Clerk of Court shall terminate them as Defendants in the case.

September 2, 2024

                                              _____
                                              The Honorable Jennifer L. Hall
                                              UNITED STATES DISTRICT JUDGE